UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| United States of America, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. |
| | ) |
| v. | ) |
| | ) |
| Pechiney Plastics Packaging, Inc., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

The United States of America, by authority of the Attorney General of the United States, and through the undersigned counsel, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), files this Complaint and avers as follows:

### NATURE OF THE ACTION

1. This is a civil action brought pursuant to Sections 107 and 113(b) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. §§ 9607 and 9613(b). The United States seeks to recover certain costs incurred or to be incurred by EPA in connection with the release or threatened release of hazardous substances into the environment at or from the Pohatcong Valley Groundwater Contamination Superfund Site ("Site"), located in Warren County, New Jersey.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action and over Defendant pursuant to Sections107(a) and 113(b) of CERCLA, 42 U.S.C. §§ 9607(a) and 9613(b), and 28 U.S.C. §§ 1331 and 1345.

3. Venue is proper in this judicial district pursuant to Section 113(b) of CERCLA, 42 U.S.C. §9613(b), and 28 U.S.C. §§ 1391(b), 1391(c) and 1395, because the claims arose, and the threatened or actual releases of hazardous substances occurred, in this district.

## DEFENDANT

4. Pechiney Plastics Packaging Inc. ("PPPI") is a Delaware domestic corporation incorporated in 1999.

## STATUTORY BACKGROUND

5. CERCLA was enacted in 1980 to provide a comprehensive governmental mechanism for abating releases and threatened releases of hazardous substances and other pollutants and contaminants, and for funding the costs of such abatement and related enforcement activities, which are known as "response" actions. 42 U.S.C. §§ 9604(a), 9601(25).

6. Under Section 104(a)(1) of CERCLA, 42 U.S.C. § 9604(a)(1), as amended:

> Whenever (A) any hazardous substance is released or there is a substantial threat of such a release into the environment, or (B) there is a release or substantial threat of release into the environment of any pollutant or contaminant which may present an imminent and substantial danger to the public health or welfare, the President is authorized to act, consistent with the national contingency plan, to remove or arrange for the removal of, and provide for remedial action relating to such hazardous substance, pollutant, or contaminant at any time (including its removal from any contaminated natural resource), or take any other response measure consistent with the national contingency plan which the President deems necessary to protect the public health or welfare or the environment . . . .

7. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this Section- -
>
> (1) the owner and operator of a vessel or a facility,
>
> (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of, [and]

2

> (3) any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances,
>
> \* \* \*
>
> shall be liable for - -
>
> (A) all costs of removal or remedial action incurred by the United States Government . . . not inconsistent with the national contingency plan;
>
> (B) any other necessary costs of response incurred by any other person consistent with the national contingency plan; [and]
>
> (C) damages for injury to, destruction of, or loss of natural resources, including the reasonable costs of assessing such injury, destruction, or loss resulting from such a release . . . .

## SITE DESCRIPTION AND FACTUAL BACKGROUND

7. Defendant is the current owner and operator of a manufacturing facility located on Route 31 in Washington, NJ ("Washington facility") and situated above a portion of the contaminated groundwater plume.

8. From approximately 1956 to November 1986, the Washington facility was owned and operated by American Can Company, which also operated a manufacturing plant on the property.

9. In November 1986, American Can Company sold its packaging business, including the Washington facility to Triangle Industries, Inc. The United States believes that this transaction may have involved the transfer of liabilities from American Can Company to Triangle Industries, Inc.

10. In 1987, Triangle Industries, Inc. merged the packaging business of American Can Company with National Can Company, creating American National Can Company.

11. In approximately 1999, Pechiney S.A. and Pechiney Corporation acquired all the issued and outstanding stock of Triangle Industries, Inc., and acquired American National Can Company.

12. Upon information and belief, in 1999, Pechiney S.A. and Pechiney Corporation created Defendant, PPPI, to succeed to American National Can Company, including the Washington facility.

13. Upon information and belief, Defendant PPPI is the successor to American National Can Company.

14. Upon information and belief, tricholoroethylene ("TCE") may have been disposed of by American Can Company at the Washington facility in the 1950s.

15. Investigations conducted in 1978 revealed the presence of TCE and tetrachloroethylene ("PCE") in groundwater wells at the Site.

16. Investigations conducted by EPA indicate that TCE continues to be discharged from the Washington facility in contaminated rainwater and process water runoff.

17. The disposal and continued discharge of TCE from the Washington facility constitutes a disposal of TCE within the meaning set forth in 42 U.S.C. §9601(29) and 42 U.S.C. § 6903(3).

18. The Site is approximately 10 miles long and approximately 1.5 miles wide, and is defined by the extent of two commingled plumes of groundwater contamination. The Site includes portions of Washington Borough, Washington Township, Franklin Township and Greenwich Township.

19. Groundwater serves as the sole source of drinking water for public water systems and private wells in the area.

20. The surface land above the contaminated groundwater plumes is used for industrial, agricultural, commercial and residential purposes.

21. The Site was placed on the National Priorities List ("NPL") on March 31, 1989. The NPL is a national list of hazardous waste sites posing the greatest threat to health, welfare, and the environment, and was established pursuant to Section 105(a) of CERCLA, 42 U.S.C. § 9605(a).

22. From 1985 to 1999, EPA and the New Jersey Department of Environmental Protection ("NJDEP") performed limited preliminary investigations to assess the extent and magnitude of the contamination and identify possible sources of contamination.

23. Because of the size of the Site and nature of the contamination, EPA separated the Site into three operable units, or OUs. OU1 addresses contaminated groundwater within Washington Borough and parts of Washington and Franklin Townships; OU2 addresses groundwater contamination downgradient of OU1; and OU3 addresses contaminated soil source areas in the OU1 area.

24. EPA completed its Remedial Investigation/Feasibility Study ("RI/FS") of OU1 in June 2005.

25. EPA issued a Record of Decision ("ROD") for OU1 on July 13, 2006. The ROD sets forth the remedy selected for the contaminated groundwater at OU1, which consists of pumping and treating the most highly impacted portion of the aquifer, and monitored natural attenuation of downgradient areas in OU1.

26. On September 27, 2007, EPA issued a Unilateral Administrative Order ("UAO") to Defendant requiring it to perform the Remedial Design and Remedial Action selected in the ROD for OU1.

27. Defendant is performing work pursuant to the September 27, 2007 UAO.

28. EPA conducted an RI/FS for OU2 from 2006 to 2009. The final RI/FS Report for OU2 was approved by EPA in June 2009.

29. As of the date of this Complaint, EPA is conducting RI/FS activities relating to OU3.

30. As of the date of this Complaint, RODs selecting the remedies for OU2 and OU3 have not yet been issued.

31. Investigations at the Site indicate that soils and groundwater are contaminated with chlorinated volatile organic compounds, including primarily TCE and PCE.

32. TCE and PCE are "hazardous substances" within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

33. As a result of the release or the substantial threat of release of hazardous substances into the environment, EPA has undertaken response actions and incurred costs at or in connection with contamination at the Site under Section 104 of CERCLA, 42 U.S.C. § 9604, and will undertake response actions in the future.

34. To date, EPA has incurred costs in excess of $17 million, plus interest, in responding to contamination at the Site, and continues to incur costs.

**GENERAL FACTUAL ALLEGATIONS**

35. Defendant's property located at Route 31, Washington, NJ is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

36. Defendant is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

37. There have been releases, within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), and threatened releases, of hazardous substances into the environment at or from Defendant's facility.

38. As a result of the releases or threatened releases of hazardous substances at or from the Site, EPA has incurred and will continue to incur response costs, within the meaning of Sections 101(25) and 107 of CERCLA, 42 U.S.C. §§ 9601(25) and 9607, to respond to the releases or threatened releases of hazardous substances at the Site. EPA will continue to incur response costs in connection with the Site.

39. The response actions taken and to be taken at the Site are not inconsistent with the NCP.

40. Defendant is liable for EPA's unrecovered past response costs incurred in connection with the Site, and additional response costs EPA may incur in connection with the Site.

**CLAIM FOR RELIEF**

41. Paragraphs 1 through 40 are realleged and incorporated herein by reference.

42. Defendant PPPI is a person, or successor-in-interest to a person, who at the time of disposal of any hazardous substance owned and/or operated a facility from which there is a release or threatened release of hazardous substances which has caused and continues to cause EPA to incur response costs.

43. Defendant PPPI is also the current owner and/or operator of a facility from which there is a release or threatened release of hazardous substances which has caused and continues to cause EPA to incur response costs.

44. Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), Defendant is liable to the United States for all response costs incurred and to be incurred by EPA in connection with the Site.

45. Pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), the United States is entitled to a declaratory judgment that Defendant is jointly and severally liable to the United States, under Section 107(a) of CERCLA, 42 U.S.C. §9607(a), for future response costs to be incurred by the United States with respect to the Site and not inconsistent with the NCP.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, the United States of America, prays that this Court:

A. Order Defendant to reimburse the United States for all response costs incurred and to be incurred by EPA in connection with the Site, including interest thereon;

B. Enter a declaratory judgment, pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. §9613(g)(2), against Defendant on liability for response costs or damages that will be binding in any action or subsequent actions to recover further response costs, plus interest thereon;

C. Award the United States its costs and fees in this action; and

D. Grant the United States such other relief as the Court deems just and proper.

Respectfully submitted,

DATE: November 6, 2009

       s/ John C. Cruden
JOHN C. CRUDEN
Acting Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

8

DATE:   November 6, 2009                               s/ Deanna J. Chang
                                            DEANNA J. CHANG
                                            Trial Attorney
                                            Environmental Enforcement Section
                                            Environment and Natural Resources Division
                                            United States Department of Justice
                                            P.O. Box 7611
                                            Ben Franklin Station
                                            Washington, D.C. 20044-7611
                                            (202) 514-4185
                                            (202) 616-2427 (fax)

                                            PAUL J. FISHMAN
                                            United States Attorney for the
                                            District of New Jersey

                                            SUSAN STEELE
                                            Assistant United States Attorney
                                            District of New Jersey
                                            Peter Rodino Federal Building
                                            970 Broad Street
                                            Newark, NJ 07102
                                            (973) 645-2920

Of Counsel:

WILLIAM C. TUCKER
Office of Regional Counsel
United States Environmental Protection Agency
Region II
290 Broadway, 17th Floor
New York, NY 10007-1866
212-637-3139