UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Civil Action No. 09-5692 (PGS) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| **PECHINEY PLASTICS PACKAGING, INC.,** | |
| Defendant. | |

**BONGIOVANNI, Magistrate Judge,**

Presently before the Court is Defendant Pechiney Plastics Packaging, Inc.'s ("PPPI") motion for reconsideration of the Court's Letter Order of March 12, 2012 [Docket Entry No. 42], which granted in part and denied in part PPPI's request for certain discovery. Plaintiff United States of America (the "United States") opposes PPPI's motion for reconsideration. Also, to the extent the Court grants PPPI's motion and reconsiders Its earlier decision, the United States opposes PPPI's request for additional discovery. The Court has reviewed all arguments raised in support of and in opposition to PPPI's motion for reconsideration, including all arguments made with respect to the discovery sought by PPPI. The Court considers PPPI's motion without oral argument pursuant to FED.R.CIV.P. 78. For the reasons stated more fully below, PPPI's motion for reconsideration is DENIED.

**I.     Background**

On November 6, 2009, the United States brought this civil action against PPPI pursuant to Sections 107 and 113(b) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. §§ 9607 and 9613(b). Through this lawsuit, the United States seeks to recover certain costs incurred or to be incurred by the United

States Environmental Protection Agency (the "EPA") in connection with the release or threatened release of hazardous substances into the environment at or from the Pohatcong Valley Groundwater Contamination Superfund Site (the "Pohatcong Site"). The Pohatcong Site is comprised of approximately ten square miles and is located in Warren County, New Jersey. The United States seeks to recoup approximately $22 million in costs for work done in relation to the Pohatcong Site and its cost claims extend for a time span of approximately 26 years.

During the course of this litigation, a discovery dispute arose over PPPI's request for discovery from CH2M Hill, the EPA's primary contractor. While the parties had reached an interim agreement concerning the production of CH2M Hill discovery in early 2011 under which the United States agreed to produce the files from certain CH2M Hill offices and servers, as well as certain hard copy files for PPPI to copy at other CH2M Hill offices along with the files of six priority CH2M Hill employees, the agreement did not foreclose PPPI's right to seek additional CH2M Hill discovery from the United States or directly from CH2M Hill. The agreement also did not foreclose the United States' right to object to any additional discovery requested by PPPI. After receiving the United States' interim production of discovery from CH2M Hill, PPPI exercised its right to seek additional information from CH2M Hill and the United States exercised its right to object to same.

The parties raised their inability to agree on the appropriate scope of CH2M Hill discovery to the Court in their status letters submitted on January 13, 2012 in advance of the telephone conference scheduled for January 20, 2012. (*See* Letter from Barbara Magel to Hon. Tonianne J. Bongiovanni, U.S.M.J. of 1/13/2012; Letter from Keith Tashima to Hon. Tonianne J. Bongiovanni, U.S.M.J. of 1/13/2012). On January 19, 2012, the day before the parties'

scheduled status conference, the Court received an additional letter from PPPI, narrowing the scope of the additional CH2M Hill discovery it was currently seeking to nine employees' files and explaining why this discovery was relevant to its affirmative defenses: inconsistency with the National Contingency Plan (the "NCP"), statute of limitations and divisibility/apportionment. (*See* Letter from Barbara Magel to Hon. Tonianne J. Bongiovanni, U.S.M.J. of 1/19/2012).

       On January 20, 2012, the Court conducted a status telephone conference with the parties. During the conference, the Court discussed PPPI's request for additional CH2M Hill discovery and took that request under advisement. While the Court did not foreclose the possibility that It would require formal motion practice on this issue, the Court also left open the possibility that It would rely on the parties' informal letter applications to determine whether additional CH2M Hill discovery was warranted. Subsequent to the January 20, 2012 telephone conference, the Court permitted the parties to submit additional letter briefs on the CH2M Hill discovery issue. The parties submitted same on January 27, 2012. (*See* Letter from Barbara Magel to Hon. Tonainne J. Bongiovanni, U.S.M.J. of 1/27/2012; Letter from Myriah Jaworski to Hon. Tonianne J. Bongiovanni, U.S.M.J. of 1/27/2012).

After reviewing all of the parties' letters on the issue,[1] the Court entered a Letter Order on March 12, 2012 [Docket Entry No. 42], granting in part and denying in part PPPI's request for additional CH2M Hill discovery. Specifically, the Court required the United States to produce the files of D. Zmudzin, but denied PPPI's request for any additional CH2M Hill discovery. In reaching this conclusion, the Court determined that PPPI had failed to establish that the requested discovery was relevant to either its defense that some of the United States' claimed costs are inconsistent with the NCP or its statute of limitations defense. (*See* 3/12/2012 Letter Order at 4-6). The Court further determined that while it was reasonable to presume that eight of the nine employee files requested by PPPI likely contained information at least somewhat relevant to the issue of apportionment, with one exception, the burden and expense associated with the production of those files was significantly outweighed by the likely benefit of same. (*Id*. at 10-11); the exception being D. Zmudzin's files, which as already noted above, the Court required the United States to produce.

---

[1] The Court notes that after the January 27, 2012 letters were submitted, the parties submitted several other letters tangentially related to the parties dispute concerning the appropriate scope of CH2M Hill discovery. (*See* Letter from Bethany Engel to Hon. Tonianne J. Bongiovanni, U.S.M.J. of 2/3/2012; Email from Bruce White to Hon. Tonainne J. Bongiovanni, U.S.M.J. of 2/3/2012; Letter from Barbara Magel to Hon. Tonianne J. Bongiovanni, U.S.M.J. of 2/7/2012 (discussing production of cost documents); Letter from Barbara Magel to Hon. Tonianne J. Bongiovanni, U.S.M.J. of 2/7/2012 (discussing PPPI's production of documents from Albea America, Inc.'s facility in Washington, New Jersey as well as CH2M Hill discovery); Letter from Bethany Engel to Hon. Tonianne J. Bongiovanni, U.S.M.J. of 2/8/2012; Letter from Barbara Magel to Hon. Tonianne J. Bongiovanni, U.S.M.J. of 2/9/2012). These subsequent letters do not substantively address in any detail the relevancy of the CH2M Hill discovery to PPPI's affirmative defenses. As such, while the Court obviously reviewed these letters, the Court's decision on PPPI's request for additional CH2M Hill discovery was largely based on the five letters submitted by the parties on or before January 27, 2012, namely PPPI and the United States' January 13, 2012 letters, PPPI's January 19, 2012 letter and PPPI and the United States' January 27, 2012 letters.

On March 19, 2012, PPPI submitted a letter to the Court, purportedly in accordance with L.Civ.R. 7.1, through which it sought reconsideration of the Court's March 12, 2012 Letter Order.  PPPI's basis for seeking reconsideration was that PPPI did not believe that the Court would treat its letters of January 13, 2012 and January 19, 2012 "as if they were a complete briefing or presentation of PPPI's needs for the remaining production[,]" rather it was PPPI's understanding that it was "awaiting further instruction as to whether the Court wanted more formal filings (as requested by the United States through its protective order approach) or an in person conference."  (Letter from Barbara Magel to Hon. Tonianne J. Bongiovanni, U.S.M.J. of 3/19/2012 at 1).  In short, PPPI argued that reconsideration is appropriate because it "did not anticipate a ruling based on our letters which simply provided examples to demonstrate the relevancy of the documents sought, rather than a fully briefed position statement." (*Id.*)

After receiving PPPI's March 19, 2012 letter, the Court immediately entered a Letter Order, which in its entirety read:

> The Court has received Defendant Pechiney Plastics Packaging, Inc.'s ("PPPI's") letter dated today, March 19, 2012, regarding the Court's March 12, 2012 Letter Order.  To the extent any party seeks reconsideration of all or part of the March 12, 2012 Letter Order, that party has until **March 26, 2012** to file a formal motion pursuant to L.Civ.R. 7.1(i) seeking same.

(March 19, 2012 Letter Order; Docket Entry No. 43).  PPPI's instant motion for reconsideration followed.

## II.     Analysis

In this district, motions for reconsideration are governed by L.Civ.R. 7.1(i) and are considered "extremely limited procedural vehicle(s)." *Resorts Int'l v. Greate Bay Hotel &*

5

*Casino*, 830 F.Supp. 826, 831 (D.N.J. 1992).  As a result, "reconsideration is an extraordinary remedy, that is granted 'very sparingly[.]'" *Brackett v. Ashcroft*, No. Civ. 03-3988 (WJM), 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003) (quoting *Interfaith Community Org. v. Honeywell Int'l, Inc.*, 215 F.Supp.2d 482, 507 (D.N.J. 2002).  As such, a party seeking reconsideration bears a high burden and must demonstrate one of the following three grounds to establish that reconsideration is appropriate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

> L.Civ.R. 7.1(i) provides that:
>
>> Unless otherwise provided by statute or rule . . ., a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion.

As is clear from the text of the Rule, the term "overlook" is the dominant term in L.Civ.R. 7.1(i). Indeed, generally, the Rule "does not contemplate a Court looking to matters which were not originally presented." *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F.Supp. 159, 162 (D.N.J. 1988).  Consequently, "except in cases where there is a need to correct a clear error or manifest injustice, '[o]nly dispositive factual matters and controlling decisions of law which were presented to the court but not considered on the original motion my be the subject of a motion for reconsideration.'" *Guinta v. Accenture, LLP*, Civ. No. 08-3776 (DRD), 2009 WL 301920, *5 (D.N.J. Jan. 23, 2009) (quoting *Resorts Int'l*, 830 F.Supp. at 831).

Here, Plaintiff seeks reconsideration because it was allegedly surprised by the Court's March 12, 2012 Letter Order deciding the appropriate scope of additional CH2M Hill discovery as "[i]t was PPPI's understanding that we were awaiting either scheduling of an in-person conference with the Court or further instructions allowing the parties to file a formal discovery motion on the issue." (PPPI Br. at 5). As a result, PPPI argues that as of March 12, 2012, PPPI had not fully presented its explanation of needs for the remaining documents to the Court." (*Id*.) Instead, PPPI had only submitted "two letters providing only examples of how the requested documents were needed to establish affirmative defenses and reviewing how PPPI had proposed to streamline its production approach" at the time the Court entered its Letter Order. (*Id*.) As such, PPPI argues that reconsideration is warranted here.

Surprisingly, in its opening brief, PPPI makes no mention of the stringent standards governing motions for reconsideration. Instead, PPPI states that it is seeking reconsideration pursuant to L.Civ.R. 7.1(i) and that "[r]econsideration is appropriate when, *inter alia*, 'evidence not previously available has become available or if necessary to correct a clear error of law or fact or prevent a manifest injustice." (PPPI Br. at 5 (quoting *Bouder v. Prudential Fin., Inc.*, Civil Action No. 06-4359 (DMC), 2010 WL 2925938 (D.N.J. 2010)). PPPI further argues that reconsideration is appropriate here because it "had not fully presented its explanation of needs for the remaining documents" and was surprised by the Court's Order limiting the scope of the CH2M Hill production because it believed that the Court was either going to permit the parties to file a formal motion on said issue or hold an in-person conference regarding same. (*Id*.)

While PPPI is correct that reconsideration is appropriate where evidence not previously available has become available or if necessary to correct a clear error of law or fact or prevent

manifest injustice, the Court still would have expected a more extensive discussion in Plaintiff's opening brief regarding the propriety of granting reconsideration here, especially in light of the fact that parties moving for reconsideration are not generally permitted to file reply papers. *See* L.Civ.R. 7.1(d)(3) (stating that "[n]o reply papers shall be filed on a motion for reconsideration pursuant to L.Civ.R. 7.1(i) . . . unless the Court orders otherwise.") Nevertheless, here, Plaintiff was permitted to submit a reply.

In that reply, Plaintiff initially seems to suggest that the stringent standards that typically govern motions for reconsideration do not apply to the instant motion. In this regard, PPPI attempts to distinguish its motion for reconsideration, which seeks reconsideration of an order entered on a discovery dispute submitted informally through letter correspondence, from motions for reconsideration of decisions rendered after formal motion practice. PPPI also suggests that the typical standards for reconsideration do not apply because "the Court here has already granted PPPI's request to seek reconsideration through its March 19, 2012 Order." (PPPI Reply at 2). However, PPPI also reiterates the argument it made in its opening brief, claiming that reconsideration is appropriate in order to prevent a manifest injustice: namely the injustice that would result if the Court failed to reconsider its decision when PPPI had not fully presented all of its arguments concerning the discovery sought because it believed that the Court would either request additional, formal briefing on the CH2M Hill discovery issue or hold an in-person conference regarding same.

As an initial matter, the Court finds no reason why PPPI's motion for reconsideration should be excused from the normal standards governing motions for reconsideration. The Court

finds that the fact that the decision over which PPPI seeks reconsideration was based on correspondence submitted informally to Chambers rather than as a formally filed motion is a distinction that makes no difference and, indeed, PPPI provides no legal support for its proposition that this distinction matters.  Discovery issues like that involving the parties' current dispute over the appropriate scope of CH2M Hill Discovery are often times handled informally rather than by formal motion practice and the Court finds no support for the contention that disputes decided by way of informal letter applications are some how exempt from the typical standards governing motions for reconsideration; nor does PPPI provide any.

      Further, there is nothing in the Court's March 19, 2012 Letter Order permitting PPPI to file the instant motion for reconsideration to suggest that PPPI's motion would be governed by any standard other than the same stringent standard under which all motions for reconsideration are governed.  As previously noted, the Court's March 19, 2012 Letter Order reads in its entirety:

> The Court has received Defendant Pechiney Plastics Packaging, Inc.'s ("PPPI's") letter dated today, March 19, 2012, regarding the Court's March 12, 2012 Letter Order.  To the extent any party seeks reconsideration of all or part of the March 12, 2012 Letter Order, that party has until **March 26, 2012** to file a formal motion pursuant to L.Civ.R. 7.1(i) seeking same.

Clearly, the Court's Letter Order does not exempt PPPI's motion for reconsideration from the normal standards governing such motions.  Instead, quite the opposite is true: the Court explicitly directs any party seeking reconsideration to "file a formal motion **pursuant to L.Civ.R. 7.1(i)**." (*Id*. (emphasis added)).  Thus, while the Court did permit PPPI to seek reconsideration of It's March 12, 2012 Letter Order by filing a formal motion for reconsideration, the Court never insinuated that the motion for reconsideration would be granted or that the party seeking

reconsideration would not have to meet the typical standards governing such motions.[2]

Nevertheless, PPPI also argues that reconsideration is appropriate under L.Civ.R. 7.1(i) in order to prevent a manifest injustice. The prevention of manifest injustice is a well accepted basis for granting a motion for reconsideration. *See Max's Seafood Café*, 176 F.3d at 677. Here, PPPI argues that reconsideration is warranted to prevent the manifest injustice that would result if PPPI wasn't able to expand the record on which the Court entered Its decision in light of the fact that PPPI believed that it would have the opportunity to further supplement the record through either formal motion practice or an in-person conference before a ruling was made. Indeed, given PPPI's understanding that the Court would require a formal motion or hold an in-person conference before ruling on its request for additional CH2M Hill discovery, PPPI contends that it was surprised by the Court's March 12, 2012 Letter Order.

The Court is admittedly perplexed by PPPI's surprise that a decision was rendered without formal motion practice or an in-person conference. While the Court did leave open the possibility that It would request a formal motion or a conference, the Court also indicated that the parties' informal letter briefs might be sufficient. It appeared to the Court that PPPI understood

---

[2]In fact, the only reason the Court entered the March 19, 2012 Letter Order permitting the parties to formally move for reconsideration, is that earlier that day, PPPI sent in an informal letter application seeking reconsideration of the Court's March 12, 2012 Letter Order. Given the fact that one of PPPI's main bases for seeking reconsideration of the Court's March 12, 2012 Letter Order regarding the appropriate scope of additional CH2M Hill discovery is that PPPI believed the Court would request formal motion practice on said issue before rendering a decision on same, the Court certainly wasn't going to rule on PPPI's request for reconsideration without a formal motion. Indeed, in light of PPPI's reason for seeking reconsideration of the March 12, 2012 Letter Order, the Court finds it ironic that PPPI submitted an informal letter application for reconsideration, especially since, unlike discovery issues which are often addressed informally, "[t]he language of [L.Civ.R. 7.1(i)] strongly suggests that a motion for reconsideration should be by formal notice of motion[.]" *See* Comment to L.Civ.R. 7.1 at ¶6c "Motions for Reconsideration, Form."

as much when it submitted its third letter brief addressing the CH2M Hill discovery issue. In that letter, PPPI explicitly states that it "is cognizant of the Court's desire to resolve this production question without the need for lengthy briefing and/or argument and has limited this submission accordingly." (Letter from Barbara Magel to Hon. Tonianne J. Bongiovanni, U.S.M.J. of 1/27/2012 at 1). Given PPPI's acknowledgment in this regard, the Court does not understand why PPPI was surprised when the Court rendered Its decision on the CH2M Hill discovery issue without formal motion practice or an in-person conference.

In its motion for reconsideration, PPPI makes no attempt to square its earlier statement with its current argument that it was surprised by the Court's March 12, 2012 Letter Order. Indeed, as noted by the United States, in its opening brief and attached exhibits, PPPI does not even acknowledge that it submitted the January 27, 2012 letter, focusing only on its letters dated January 13 and 19, 2012. (*See* PPPI Br. at 5 (stating that PPPI had submitted "**two** letters providing only examples of how the requested documents were needed to establish affirmative defenses and reviewing how PPPI had proposed to streamline its production approach" at the time the Court entered the March 12, 2012 Letter Order) (emphasis added)). Moreover, in its reply, while PPPI does acknowledge the fact that it submitted a letter to the Court dated January 27, 2012 (PPPI Reply Br. at 3 (referring to "the January 27, 2012 submissions"), PPPI does not address its statement that it was "cognizant of the Court's desire to resolve this production question without the need for lengthy briefing and/or argument and has limited this submission accordingly." (Letter from Barbara Magel to Hon. Tonianne J. Bongiovanni, U.S.M.J. of 1/27/2012 at 1). Instead, PPPI focuses on the United States' January 27, 2012 submission and

argues that it was unclear even to the United States whether the Court would require a formal motion or hear argument on the CH2M Hill discovery issue:

> While the United States takes great issue throughout its Opposition with PPPI's statements regarding PPPI's understanding, the United States' own January 27, 2012 letter unequivocally confirms that the United States was uncertain if the Court intended to "hear" argument and/or request the parties to submit a "formal motion" presenting the issue. (*See* United States' January 27, 2012 Letter at p. 1, "... in further support of the United States' request for the Court *to hear* or grant..., and at p. 14, "The United States *is prepared to file a formal motion at this time, ... or should* the [C]ourt decide the United States' motion on the papers already before it, the United States *is prepared to submit* a proposed protective order ...). Indeed, if, as the United States argues, it was so abundantly clear to the parties that the January 27, 2012 submission would be treated as the dispositive briefings on the matter without any opportunity for either party to reply, then one must wonder why the United States offered to file a formal motion and did not provide the Court with a proposed protective order in the first instance.

(PPPI Reply Br. at 2-3).

In the first instance, the Court, in determining whether to grant PPPI's motion for reconsideration, is more concerned with what PPPI reasonably believed, not the United States. Secondly, however, the Court finds that the statements contained in the Untied States' letter of January 27, 2012 unequivocally establish that the Court had left open the possibility that It might rule on the CH2M Hill discovery issue based on the informal letter briefs submitted to the Court without formal motion practice or an in-person conference:

> [The United States] submit[s] this supplemental letter, with leave of the Court, in further support of the United States' request for the Court to hear **or grant** the government's motion for entry of a protective order limiting the scope of discovery of CH2M Hill documents in this litigation to those documents already produced.

***

> The United States seeks resolution from the Court on the scope of CH2M Hill discovery. The phased, conditional discovery that PPPI proposes is simply unworkable and comes at an unjustified expense and undue burden to the Untied States. Accordingly, the United States requests that the Court grant leave for the United States to move for a protective order at this time **or, alternatively, that the Court decide the United States' motion for a protective order on the record already before the Court**.
>
> ***
>
> The United States seeks resolution from the Court on the scope of CH2M Hill discovery. Accordingly, the United States requests that the Court enter a protective order limiting the production of any additional CH2M Hill documents at this time. The United States is prepared to file a formal motion at ths time, **or, should the Court decide the United States' motion on the papers already before it**, the United States is prepared to submit a proposed protective order should the Court so require.

(United States' Opp. at 1, 2, 14 (emphasis added)). Indeed, PPPI seems to ignore the United States' use of the conjunction "or" as well as the multiple instances in which the United States acknowledged that the Court might choose to decide the CH2M Hill discovery issue on the record already before It.

  Thus, while the Court did not specifically advise the parties that It would consider their informal letter briefs as the dispositive briefing on the CH2M Hill discovery issue, the Court clearly indicated that this was an option. The United States clearly understood that this was the case and the PPPI's submissions suggest that it did as well. Why else would PPPI definitively state that it was "cognizant of the Court's desire to resolve this production question without the need for lengthy briefing and/or argument and has limited this submission accordingly." (Letter from Barbara Magel to Hon. Tonianne J. Bongiovanni, U.S.M.J. of 1/27/2012 at 1). Under these circumstances, the Court finds that no manifest injustice will result if the March 12, 2012 Letter Order stands as entered. Consequently, PPPI's motion for reconsideration is denied.

In light of the fact that the Court has denied PPPI's motion for reconsideration, the Court does not reach the question of whether the additional information provided in said motion would have persuaded the Court that further CH2M Hill discovery is warranted. The Court does, however, note that it appears unlikely, based on the Court's initial review of PPPI's supplementation, that PPPI would have succeeded in establishing that the United States should be compelled to produce all of the CH2M Hill employee files PPPI currently seeks. At first blush, it appears that PPPI has still failed to provide sufficient evidence that all of the files are relevant to its three affirmative defenses: inconsistency with NCP, statute of limitations and divisibility/apportionment.

In this regard, the Court notes the paucity of legal support cited by PPPI in the sections of its briefs addressing the relevancy of the files sought to its affirmative defenses. Indeed, the only legal citations contained in Section B of PPPI's opening brief, which is entitled "The CH2M Hill Documents Sought By PPPI Are Clearly Relevant," concern the general legal standard of relevancy. PPPI does not cite to a single case, statute, rule or other law to support its arguments that the files belonging to the nine CH2M Hill employees are, in fact, relevant to its affirmative defenses. To be clear, PPPI's entire analysis in its opening brief regarding how the CH2M Hill employee files are relevant to its inconsistency with NCP, statute of limitations and divisibility/apportionment defenses is devoid of any legal support. PPPI does not attempt to analogize its current requests for information to other cases in which courts have found similar information to be relevant; nor does PPPI support its conclusions, such as the following with any legal citation (*see generally* PPPI Br. at 6-11): "[u]nderstanding these aspects [i.e. the nature of the remedial work selected and the bases therefore] of the EPA approach to the Site are clearly

14

part of a showing of inconsistency with NCP to preclude cost recovery under CERCL" (*Id*. at 7) or "[i]n any case, reliance on the administrative record does not translate into a limitation of discovery to just that collection of documents." (PPPI Reply Br. at 7).[3]

The lack of legal support provided by PPPI raises serious questions regarding whether PPPI would have been successful in obtaining the requested discovery if the Court had granted its request for reconsideration. Again, the Court does not ultimately decide that question in light of its decision denying PPPI's motion for reconsideration. Nevertheless, the Court simply notes that it is not abundantly clear that PPPI would have succeeded even if its motion for reconsideration had been granted.

---

[3]While the Court is generally troubled by the dearth of legal support provided by PPPI, the Court is particularly concerned with the second unsupported conclusion identified above. PPPI's conclusory statement that "reliance on the administrative record does not translate into a limitation of discovery to just that collection of documents" (PPPI Reply Br. at 7) is especially troubling in light of the legislative history surrounding the Superfund Amendment and Reauthorization Action of 1986 (the "SARA Amendments"), which added Section 113(j) to CERCLA, 42 U.S.C. §9613(j). As the House Report on the SARA Amendments indicates:

> Reliance on an administrative record helps assure that the basis for the response decision is clearly articulated and open to scrutingy by the public and responsible parties. It also encourages full responsible party and public participation in development of the record before the remedy is selected. Moreover, limiting judicial review of response actions to the administrative record expedites the process of review, **avoids the need for time-consuming and burdensome discovery**, reduces litigation costs, and ensures that the reviewing court's attention is focused on the . . . criteria used in selecting the response.

H.R. Rep. No. 99-253, 99th Cong., 2d Sess. 81, *reprinted in* 1986 U.S. Code Cong. & Ad. News 2835, 2863. Given this legislative history, the Court would have expected PPPI to have provided some support for the notion that discovery is not limited to the administrative record.

On a different note, the Court points out that in the March 12, 2012 Letter Order, It determined that D. Zmudzin's files were relevant to PPPI's apportionment/divisibility defense and that it would not be unduly burdensome for the United States to produce same.  The Court finds no reason to alter this determination.  As a result, the United States is again directed to produce all of D. Zmudzin's files related to the development of depictions of plumes of hazardous material released at the Pohatcong Site and potential source areas other than the Washington plant.  Further, as previously directed, to the extent the United States has already produced said files, then it is instructed to specify the Bates Numbers of the documents corresponding to same.  The United States shall make this production no later than **September 28, 2012**.

### III.  Conclusion

For the reasons stated above, PPPI's motion for reconsideration is DENIED.  An appropriate Order follows.

Dated: August 14, 2012

        s/ Tonianne J. Bongiovanni
        **TONIANNE J. BONGIOVANNI**
        **UNITED STATES MAGISTRATE JUDGE**