UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **Civil Action No. 09-5692 (PGS)** |
| **Plaintiff,** | |
| **v.** | **MEMORANDUM OPINION** |
| **PECHINEY PLASTIC PACKAGING, INC.,** | |
| **Defendant.** | |

**BONGIOVANNI, Magistrate Judge**

This matter comes before the Court upon Defendant Pechiney Plastic Packaging, Inc.'s ("PPPI") motion to stay consideration of the United States' Motion for Leave to Amend and Supplement its Complaint pending the Court's resolution of PPPI's Motion for Summary Judgment ("Motion to Stay"). The Court has fully reviewed and considered all of the arguments submitted in support of and in opposition to PPPI's Motion, and considers same without oral argument pursuant to L.Civ.R. 78.1(b).  For the reasons set forth more fully below, PPPI's motion to stay is DENIED.

**I.      Factual Background**

On November 6, 2009, the United States of America ("United States") filed this 42 U.S.C. § 9607(a) action seeking to recover costs incurred or to be incurred responding to the release or threatened release of hazardous substances at the Pohatcong Valley Groundwater Superfund Site (the "Site").  In the late 1970s, the New Jersey Department of Environmental Protection ("NJDEP") found elevated levels of trichloroethylene ("TCE") and tetrachloroethylene also known as perchloroethylene ("PCE") at the site, which includes portions of Washington Borough, Washington Township, Franklin Township, and Greenwich Township

in Warren County. Between 1985 and 1989, NJDEP installed water lines to provide a municipal
water supply in Washington and Franklin townships.

Beginning in 1988, the United States Environmental Protection Agency ("EPA")
undertook investigative measures to identify the existence and scope of the release or threat of
release of hazardous substances at the Site that imposes a threat of danger to the public health
and the environment. As part of EPA's overall study and investigation of the site, EPA
conducted a remedial investigation and a feasibility study of three study areas known as
Operable Units ("OUs").

On February 22, 2013, the United States filed a Motion to Amend and Supplement its
Complaint ("Motion to Amend") seeking to add six new defendants to this suit as well as *in rem*
claims against real estate located in Washington, New Jersey. On March 18, 2013, PPPI filed its
Opposition to the United States' Motion to Amend as well as its Motion for Summary Judgment.
In addition, PPPI moved to stay the United States' Motion to Amend, pending the Court's
resolution of PPPI's Motion for Summary Judgment.  The Court addresses PPPI's Motion to
Stay herein.

II.     **Arguments**

PPPI argues that the United States' Motion to Amend should be stayed pending the
resolution of PPPI's Motion for Summary Judgment.  In this respect, PPPI argues that this matter
should be stayed for the purposes of preserving judicial economy and avoiding unnecessary
litigation costs because of the "potentially dispositive nature" of PPPI's Motion for Summary
Judgment. (PPPI Br. at 2). PPPI argues that in determining whether to grant a stay, the
appropriate inquiry for the Court is not whether the "motion for summary judgment is likely to

succeed or that it will dispose of all claims asserted by the Government," but rather "whether the pending dispositive motion is 'potentially dispositive' of the litigation" or has the potential to narrow the issues in the case.  (PPPI Reply Br. at 1 (quoting *Santos v. Bledsoe*, Civ. No. 3:10-CV-1599, 2011 WL 3739311, at *2 (M.D.Pa. Aug. 23, 2011)). Since PPPI claims that's its motion for summary judgment undoubtedly "has some 'potential to narrow' this case," PPPI argues that a stay pending its resolution is warranted. (*Id.* at 2).

PPPI also argues that the United States will not be prejudiced by such a stay because the United States tacitly chose to delay in seeking to amend its Complaint even though it was aware of the additional parties and claims it seeks to add since 2009. (PPPI Br. at 2). Further, PPPI contends that the United States failed to respond to any clear evidence regarding its knowledge of the claims and parties it only now seeks through its proposed amended pleading because the United States is seeking to "hide behind the discovery process as an excuse for its belated request." (PPPI Reply Br. at 9). Thus, PPPI asserts that the United States failed to demonstrate any concrete evidence that it would be prejudiced as a result of the stay. (*Id*. at 9-10).

Further, PPPI claims that allowing the United States to amend its Complaint before a decision on the summary judgment motion will result in an inefficient use of judicial resources, and will not only burden PPPI, but will also unnecessarily burden the proposed new defendants to the suit.  (PPPI Br. at 5). Specifically, PPPI asserts that the addition of the proposed new defendants will require additional motion practice and discovery. PPPI emphasizes that if its Motion for Summary Judgment is successful then consideration of the United States' Motion to Amend will result in "significant resources and time be[ing] unnecessarily expended by all parties to address claims found to be barred by CERCLA." (*Id*.)  Further, PPPI disagrees with the

United States' assessment that if the United States was to bring a separate civil action against the potentially new defendants, such a case would be considered "a related case to the instant dispute" or that the Court would therefore likely be inclined to consolidate the two matters. (PPPI Reply Br. at 10). Accordingly, PPPI argues that the interests of the parties and the proposed new defendants as well as the policy of preserving judicial resources militate in favor of granting a stay.

PPPI also contends that the public interest has not been served by the conservative actions undertaken by the United States to remedy the hazardous substances at the Site. (PPPI Reply Br. at 11). Specifically, PPPI argues that the United States' contention that its proposed amendment enhances the public interest in expedient cost recovery is undermined because the United States has failed to take affirmative and efficient measures to initiate any cost recovery effort. (*Id.*) Indeed, PPPI notes that the United States waited over 20 years before pursuing this cost recovery matter. (*Id.*).

In addition, PPPI takes issue with the United States' efforts to undermine the potentially dispositive nature of PPPI's Motion for Summary Judgment. For example, in response to the United States' argument that PPPI's Motion for Summary Judgment has "nothing to do with the statue of limitations applicable to operating unit 2 ("OU2") or operating unit 3 ("OU3"), which each have an independent statute of limitations trigger" (United States Opp. Br. at 4), PPPI claims that such an argument is not only contrary to the applicable case law, but it also opposes the Congressional intent in drafting CERCLA's statute of limitations provision. (PPPI Reply Br. at 4-5). Instead, PPPI contends that the application of a "single statute of limitations…serves CERCLA's two primary purposes because it avoids piecemeal litigation… or threatened release

of hazardous substances, and promotes the concept of strict liability which CERCLA incorporates." (PPPI Reply Br. at 7). Because its Motion for Summary Judgment "cannot be divided by OU," PPPI argues that a grant of summary judgment will preclude the United States from recovering any damages under CERCLA. (*Id* at 8).

In contrast, the United States contends that PPPI has failed to meet its burden to establish that this proceeding should be stayed. In this regard, the United States contends that it will be prejudiced if the requested stay is granted. (United States Opp. Br. at 3). The United States argues that delaying its Motion to Amend is prejudicial because it interferes with the United States' interest and the public interest in expeditious cost recovery, an interest which the United States notes is consistent with the statutory intent of CERCLA "to hold polluting parties accountable for the costs of clean-up." (*Id.*)  Since the outset of this case, the United States asserts that it has diligently pursued discovery, which has provided the United States with the basis for adding these new proposed defendants and claims. In addition, the United States argues that because the claims in the Amended Complaint "seek to ensure that the polluting parties, rather than the taxpayer, pay response costs at the Site[,] [d]elaying a ruling on the Motion to Amend prejudices the United States' interest in expeditious cost recovery." (*Id.*).

Further, the United States argues that PPPI has not established that it will suffer any hardship or inequity if the Court considers the United States' Motion to Amend prior to a decision on PPPI's Motion for Summary Judgment. The United States claims that PPPI will not be "burdened by motion practice and additional discovery" if its Motion to Amend is considered now because the issues raised therein will "arise regardless of the outcome of PPPI's Motion for Summary Judgment." (*Id.*). Specifically, the United States contends that PPPI's Motion for

5

Summary Judgment only considers the statute of limitations regarding the United States' claim for recovery of unreimbursed past and future operating unit 1 ("OU1") costs, and therefore has no effect on "the statutes of limitations applicable to OU2 or OU3, which each have an independent statute of limitations trigger." (*Id*. at 3-4 n.2).  As such, the United States claims that the burdens associated with the additional motion practice and discovery raised by PPPI are undermined because this case will "proceed regardless of the outcome of the Motion for Summary Judgment." (*Id*. at 4).

Similarly, the United States argues that granting PPPI's Motion to Stay fails to promote judicial efficiency because the case will not be resolved regardless of the outcome of PPPI's Motion for Summary Judgment. (*Id*.). In addition, if the Court was to grant the stay, the United States claims that the interests of the proposed new defendants would be prejudiced because of the numerous manners in which the proposed new defendants are exposed to claims for liability at the Site, including "(1) by the United States in a separate civil action, (2) by [] PPPI in a contribution action pursuant to CERCLA Section 113…, or (3) by the United States via the proposed Amended Complaint." (*Id*. at 5).  Thus, the United States contends that it is in the proposed new defendants' best interests to be named as additional defendants in this suit because it provides "a procedural path for expeditiously resolving all of these claims in an orderly fashion, in a single venue." (*Id*.). Given the fact that PPPI has not established a pressing need for the stay requested, the United States argues that it would be an abuse of discretion for the Court to enter same.

### III.    Analysis

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936).  In determining whether a stay should be granted, the Court "must weigh competing interests and maintain an even balance." *Id*. at 254-55.  As such, the Court considers whether the proposed stay would prejudice the non-moving party, whether the proponent of the stay would suffer a hardship or inequity if forced to proceed and whether granting the stay would further the interest of judicial economy.  *See Id*.; *Ford Motor Credit Co. v. Chiorazzo*, 529 F.Supp.2d 535, 542 (D.N.J. 2008).

Further, in deciding whether a matter should be stayed, the Court is ever-mindful of the fact that "[t]he stay of a civil proceeding is an extraordinary remedy."  *S.Freedman and Co. Inc. v. Raab*, Civil No. 06-3723 (RBK), 2008 WL 4534069, *2 (D.N.J. Oct. 6, 2008).  It is the party seeking the stay that bears the burden of proof.  Thus, "the supplicant for a stay must make out a clear case of hardship or inequity in being required to go forward[.]" *Landis*, 299 U.S. at 255. Indeed, the proponent of the stay "must state a clear countervailing interest to abridge a party's right to litigate." *CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc.*, 381 F.3d 131, 139 (D.N.J. 2004).  Moreover, when the stay requested is of an "indefinite duration[,]" the party seeking same must establish a "pressing need" for the stay.  *Landis*, 299 U.S. at 255.

In this instance, the Court denies PPPI's Motion to Stay because it is (1) based on speculative premises, (2) the prejudice to the United States and the proposed new defendants outweighs the prejudice to PPPI, and (3) the stay is contrary to the public interest.

PPPI vigorously argues that there is a strong likelihood that its Motion for Summary Judgment will dispose of this entire case because a majority of courts have rejected the proposition that CERCLA's text demonstrates response costs at a site are not divisible by OUs. While the Court agrees that a grant of summary judgment in PPPI's favor may be dispositive of the entire case, the Court finds that the likelihood of said outcome is too speculative to warrant staying the Court's consideration of the United States' Motion to Amend for that reason. *See Maher Terminals, LLC v. Port Auth.*, Civ. A. No. 12-6090, 2013 U.S. Dist. LEXIS 72719, at *8 (D.N.J. May 22, 2013) ("[I]t is clear to this Court upon its review of the motion to dismiss that the motion does not dictate a clear and unmistakable result for either party; consequently, this Court cannot justify granting a stay of discovery.") (internal citations omitted). This is particularly true in light of the fact that this Court has found that CERCLA's statute of limitations should be liberally construed in favor of the United States "in order to achieve its remedial purposes." *United States v. Manzo*, 182 F. Supp. 2d 185, 401 (D.N.J. 2001). Given the speculative nature of the risk that this Court and the parties will needlessly spend resources litigating issues that may become moot if PPPI's Motion for Summary Judgment is granted, the Court finds that PPPI has failed to establish that it will suffer a clear hardship absent the requested stay. *See S. Freedman and Co.*, 2008 WL 4534069, at *2 ("These contingencies are too speculative on which to base the extraordinary remedy of granting a stay.").

Additionally, the Court disagrees with PPPI's contention that the United States will not be prejudiced if the stay is granted. Instead, the Court finds that because the United States' primary objective in bringing this suit is to hold polluting parties accountable for the costs of clean-up, a delay in pursing expeditious cost recovery against such polluting parties prejudices

8

both the United States' interest and the public interest. *See* 42 U.S.C. § 9607(a); *see also Manzo*, 182 F. Supp. 2d at 403 ("By permitting the United States to bring cost recovery actions based on the timing of each ROD and operable unit, the Court would be honoring CERCLA's two principal goals of facilitating the cleanup of potentially dangerous hazardous waste sites and requiring polluters to pay the costs of their pollution.").

Further, while PPPI asserts that it will suffer a clear hardship if it is forced to spend considerable time and money engaging in additional motion practice and discovery if the United States is permitted to amend its Complaint given the dispositive nature of its Motion for Summary Judgment, the Court does not find this argument to be compelling. Nor is the Court convinced that staying a decision on the United States' Motion to Amend pending a determination on PPPI's Motion for Summary Judgment represents the most efficient way to manage this case.

As noted above, it is entirely unclear that the parties will in fact waste significant time and valuable resources pursuing additional motion practice and discovery if this matter is not stayed. Indeed, the Court has already determined that PPPI's arguments in this regard are too remote to support a stay of these proceedings pending the resolution of PPPI's Motion for Summary Judgment. *See Coyle v. Hornell Brewing Co.*, Civ. No. 08-2797 (JBS), 2009 U.S. Dist. LEXIS 49109, at *10 (D.N.J. June 9, 2009) ("The party seeking a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay . . . will work damage to some one else.") (internal citation and quotation marks omitted). In reaching this conclusion, the Court has not only taken into consideration the likelihood that the issues to be litigated will be narrowed through PPPI's Motion for Summary

Judgment. Instead, the Court is also mindful of the fact that the United States' Motion to Amend is already fully briefed and therefore there will be little to no cost/time savings for the parties if the Court were to consider that motion now.

In addition, if the Court denies the United States' Motion to Amend, PPPI's request for a stay will be moot. Moreover, even if the Motion to Amend is granted, the parties will not immediately be in danger of wasting resources litigating issues that may potentially be resolved by PPPI's Motion for Summary Judgment. Instead, if the Motion to Amend is granted there will be a necessary delay before any additional costs are incurred because of the need for the United States to serve the Amended Complaint and for the proposed new defendants to answer same. Indeed, discovery related to the proposed new defendants and new claims will not be automatic. Moreover, to the extent the parties are ever faced with having to expend significant time, money or other costs litigating issues raised in Plaintiff's proposed Amended Complaint while PPPI's Motion for Summary Judgment remains outstanding, the Court can cross that proverbial bridge when the parties reach it. Finally, moving forward with the United States' Motion to Amend now, means that if PPPI's Motion for Summary Judgment is denied and if the United States' Motion to Amend is granted, at least this case, which has been pending for almost 6 years, will have continued to move forward and the 6 new proposed defendants will have had the opportunity to have been served with the Amended Complaint and to have answered same so that this matter can move as expeditiously as possible toward trial, which the District Court has indicated will occur in the early summer of 2014. For these reasons, the Court finds that PPPI has failed to establish that it will be unfairly burdened by the Court's consideration of the United States' Motion to Amend now.

As a result, the Court finds that the prejudice affecting the United States' interest and the public interest in efficient cost recovery in CERCLA cases if this matter is stayed outweigh any potential prejudice to PPPI if it is not.  In reaching this conclusion, the Court notes that the burden here falls squarely on PPPI.  PPPI must establish that the extraordinary remedy of a stay is warranted in this matter.  *Landis*, 299 U.S. at 255.  The Court finds that PPPI has not carried its burden.  In light of the significant efforts that the parties and the Court have already put into the litigation of this matter, the Court is not convinced that the interest of judicial economy will be best served by staying this case.  Similarly, the Court finds that the risk that the parties will unnecessarily expend additional time and money as a result of undertaking further motion practice and discovery as to the proposed new defendants is too remote to support PPPI's claim that it, along with the United States, and the proposed new defendants will suffer a hardship or inequity if required to proceed with this litigation before PPPI's Motion for Summary Judgment is resolved. Thus, the Court declines to exercise its discretion to enter a stay in this matter.

**IV.**     **Conclusion**

For the reasons set forth above, PPPI's motion to stay is DENIED.  An appropriate Order follows.

Dated: July 2, 2013

s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**

11